J-S03044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAYA ALANA WHITLEY | : | |
| | : | |
| Appellant | : | No. 850 WDA 2021 |

Appeal from the PCRA Order Entered July 6, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0004374-2018

BEFORE:  LAZARUS, J., SULLIVAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:       **FILED: FEBRUARY 14, 2022**

Laya Alana Whitley (Whitley) appeals from the order of the Court of Common Pleas of Allegheny County (PCRA court) dismissing her claim filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541-9546. Counsel also seeks to withdraw his representation under **Turner/Finley**.[1] After review, we grant counsel's petition to withdraw and affirm the PCRA court's order.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

## I.

Whitley was charged with homicide and related offenses for her role in the murder and robbery of Keiauna Davis (Davis) on February 22, 2018. On that day, Davis and Whitley were co-workers at Dollar General. During the afternoon, Davis's grandmother came to the store to drop off Davis's $3,000 income tax return. When Whitley found out, she texted her co-defendant, Dane Taylor (Taylor), and told him that her co-worker Davis had a large amount of cash on her. This led to Taylor enlisting another co-defendant, Kaijin Scott (Scott), to drive him to the store and wait for Davis to leave.

Later that afternoon, while Davis and Whitley smoked a cigarette in front of the store, Scott and Taylor were waiting behind the store in Scott's parked car. When Davis left, Whitley sent a text message to alert Scott and Taylor because they could not see the front of the store. As Davis walked down the street, Scott drove past her and parked alongside the road. Scott then got out and pretended he was having car trouble. Once Davis reached the car, Taylor rushed out in a ski mask and wrestled her to the ground. When she would not give up her purse, Taylor pulled out a handgun and shot her twice. Taylor then took the purse, ran back to the car and fled with Scott. Davis was pronounced dead at the hospital, having suffered a contact wound to her hip that lacerated her right iliac artery. Whitley, meanwhile, received her portion of the robbery proceeds later that night after Scott and Taylor spent theirs on clothes.

On July 16, 2019, Whitley entered into a negotiated plea agreement in which she agreed to plead to third-degree murder, robbery, conspiracy, criminal use of communication facility and tampering,[2] and was sentenced that same day to serve 20 to 50 years' imprisonment. Taylor reached a similar plea agreement for 30 to 60 years and went through his on-record colloquy at the same time as Whitley. During the colloquy, Taylor's counsel stated that Taylor was entering "with the caveat that there was no testimony to be offered by Mr. Taylor against any of the other Co-Defendants…" N.T., 7/16/19, at 18.[3] Whitley did not file post-sentence motions or a direct appeal after sentencing.

On March 25, 2020, Whitley filed a timely *pro se* PCRA petition. Counsel was appointed and filed an amended petition raising a single claim of ineffective assistance of counsel. Whitley alleged that her guilty plea was involuntary because plea counsel told her that Taylor was going to testify against her if she went to trial, even though Taylor never made any deal with the Commonwealth to testify. According to Whitley, she would not have entered the guilty plea if plea counsel had not misled her about Taylor being a witness if she decided to go to trial.

---

[2] 18 Pa.C.S. §§ 2502(c), 3701(a)(1)(i), 903(a)(2), 7512 and 4910(1).

[3] Scott later proceeded to a jury trial that ended with him being found guilty of second-degree murder. He was sentenced to life imprisonment in November 2021.

At the evidentiary hearing, the assistant district attorney who prosecuted the co-defendants testified there was never any real discussions about Taylor being a witness if Whitley went to trial, stating, it "wasn't something that we took affirmative steps toward." N.T., 4/20/21, at 15. Taylor's counsel similarly testified that there were no real discussions with the Commonwealth about his client testifying. *Id.* at 53.[4]

Whitley's claim then hinged on whether plea counsel told her that Taylor was going to testify against her if she went to trial. When asked whether he told Whitley that Taylor would be a witness against her, plea counsel responded as follows:

> I know that's kind of the crux of a lot of this, but I just can't recall like that. I know I would have said – generally speaking, what I say to all of my clients in homicides, is that the shooter is usually the one person that the Commonwealth will not make a deal with. But I just can't recall specifically on this case about Mr. Taylor.

*Id.* at 42. Plea counsel added that he would not have embellished or overstated the strengths of the Commonwealth's case—including who would testify—to convince a client to plead guilty. *Id.* at 45.

Whitley, meanwhile, presented several family members who were with her on the day of the plea. First, her father testified that he was present when plea counsel told her that Taylor was willing to testify against her and was

---

[4] Taylor was also called as witness but invoked his right against self-incrimination because he has a pending PCRA petition.

"begging and pleading for a plea bargain so he can testify against [Whitley]." *Id.* at 19-20. Her mother testified that plea counsel had the family write a note urging Whitley to "take the plea because the shooter was going to testify against her." *Id.* at 25. Whitley's grandmother also testified that plea counsel told Whitely she should take the plea because "the defendants were going to testify against her." *Id.* at 28.

Finally, Whitley testified that she pleaded guilty because plea counsel told her that Taylor would testify against her if she went to trial. *Id.* at 60. She explained:

> He came to the jail and told me that there was a plea offer for 20 to 50 years, and I told him no, because I was innocent. And the[n] he told me that it didn't matter if I was innocent or not because [Taylor] was going to testify against me and I would receive a life sentence. …

*Id.* at 60-61. She ultimately decided to enter the guilty plea, testifying she did so because plea counsel told her again that both Scott and Taylor were going to testify against her if she decided to go to trial. *Id.* at 61.

On cross-examination, the Commonwealth asked Whitley about Taylor's counsel stating on the record that his client's plea was not contingent on his agreement to testify against any co-defendants. Failing to see the significance of the question, Whitley responded that the statement came after she had already signed the written plea colloquy. *Id.* at 64-65. When pressed about why she continued with the plea and admitted to her guilt despite now

claiming that she was innocent, Whitely responded she was "overwhelmed." *Id.* at 67.

On July 6, 2021, the PCRA court issued its order denying Whitley's claim of ineffective assistance of counsel. In its findings of fact, the PCRA court stated that "it was made abundantly clear during the plea colloquy and prior to [Whitley] entering her plea, that Dane Taylor was not going to testify against any co-defendant, including [Whitley]." PCRA Court Opinion (PCO), 7/6/21, at 4. Even if plea counsel misadvised Whitley about Taylor testifying, "at the time she entered her plea any notion that he would testify was dispelled." *Id.* The PCRA court went on to find Whitley's explanation that she was too overwhelmed to discontinue the plea not credible. *Id.* Additionally, the PCRA court credited plea counsel's testimony that, while he could not specifically recall his advice to Whitley, he would not have embellished the Commonwealth's case to facilitate a plea. *Id.* at 5. Instead, the PCRA court found plea counsel's actions were reasonable in seeking a plea agreement for a reduced period of incarceration "in the face of overwhelming evidence" against Whitley. *Id.*

Following the PCRA court's decision, counsel filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Counsel subsequently filed his *Turner/Finley* brief in this Court but failed to file a contemporaneous petition to withdraw as counsel. Additionally, counsel's letter to Whitley misadvised her about her options in

response to counsel seeking withdrawal. As a result, this Court directed counsel to (1) file a petition to withdraw as counsel, and (2) append a copy of the letter served on Whitley that advises her of her immediate right to proceed pro se or privately retain counsel. Counsel complied with that order and filed a petition to withdraw as counsel and appended a letter that he sent to Whitley properly advising her of her rights.

## II.

As discussed, counsel petitions to withdraw and has filed an accompanying **Turner/Finley** brief. When PCRA counsel opines that a petitioner's appeal is without merit and seeks to withdraw,

> **Turner**/**Finley** counsel must review the case zealously [and] then submit a no-merit [brief] to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the no-merit [ ]brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the [immediate] right to proceed pro se or by new counsel.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa. Super. 2007) (quotation marks, citations and original paragraph formatting omitted). If counsel satisfies these technical requirements, then this Court must conduct its own review of the merits of the case. **Id.** If this Court agrees with counsel that the claims are without merit, then counsel will be permitted to withdraw. **Id.**

Our review shows that counsel has satisfied the technical requirements of **Turner/Finley**. In his brief, counsel (1) sets forth the issues preserved

and those that Whitley wishes to have reviewed; (2) details the nature and extent of his review of the record and applicable law; (3) determines that there are no non-frivolous claims Whitley can raise; and (4) explains why her claims are meritless.  Counsel has also provided Whitley with notice of her right to proceed pro se or retain private representation in a letter attached to his petition to withdraw.  **See** Petition to Withdraw as Counsel, 11/19/21, at Exhibit A.  Thus, we will conduct an independent examination of the certified record to determine whether we agree with counsel's analysis and to ascertain if any non-frivolous issues may exist which counsel overlooked. **Commonwealth v. Dempster**, 187 A.3d 266, 273 (Pa. Super. 2018) (*en banc*).[5]

### III.

Whitley's amended petition raised a single claim of ineffective assistance of counsel by her plea counsel.  To prove an ineffectiveness claim, the petitioner must plead and prove:  "(1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that

---

[5] We review the denial of a PCRA petition to determine whether the record supports the PCRA findings and whether its decision is free of legal error. **See Commonwealth v. Brown**, 196 A.3d 130, 150 (Pa. 2018).  "When supported by the record, the PCRA court's credibility determinations are binding on this Court, but we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Id.**

there was a reasonable probability of a different outcome at trial if not for counsel's error." ***Commonwealth v. Selenski***, 228 A.3d 8, 15 (Pa. Super. 2020) (internal quotation marks omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." ***Id.*** (cleaned up). "In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." ***Commonwealth v. Orlando***, 156 A.3d 1274, 1281 (Pa. Super. 2017).

> Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (cleaned up).

After review, we agree with counsel that Whitley's claim of plea counsel's ineffectiveness lacks merit. First, as to Whitley's claim that she pleaded guilty only because she thought that Taylor was going to testify against her, the PCRA court pointed out, her on-record colloquy was done in conjunction with Taylor's. During their colloquies, Taylor's counsel stated on the record that Taylor was entering into his plea agreement "with the caveat that there was no testimony to be offered by Mr. Taylor against any of the Co-Defendants…" N.T., 7/16/19, at 18. After Taylor's counsel stated this, Whitley

proceeded with her on-record colloquy and voiced neither confusion nor apprehension about pleading guilty as she admitted to her role in the homicide.

As a result, any claim that Whitley entered her guilty plea under the belief that Taylor would be a witness against her are belied by the record. She cannot now claim that she was coerced to plead guilty when she failed to voice any concerns at the time of the plea. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002) (citing *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996)); *see also Commonwealth v. Kpou*, 153 A.3d 1020, 1024 (Pa. Super. 2016) (citing *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003)) ("A person who elects to plead guilty is bound by the statement he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.").

As to the PCRA court's decision to credit plea counsel's testimony over that of Whitley and her family members, the PCRA court explained its credibility determination as follows:

> …Despite [plea counsel's] inability to recollect having a conversation with [Whitley] regarding the potential testimony of Dane Taylor, the Court believed [plea counsel's] testimony that he would not have embellished the strength of the Commonwealth's case to facilitate a plea. [Plea counsel] displayed a knowledge of the case and took action in the face of the overwhelming evidence that he deemed were in the best interests of his client, which in this case was an effort to secure a reduced period of incarceration.

PCO at 5.

As discussed, Whitley's ineffectiveness claim hinged on proving that plea counsel told her that Taylor would testify against her if she went to trial. To support this claim, Whitley and her family members testified that he did. The PCRA court, however, listened to their testimony and did not believe them, choosing instead to credit plea counsel's testimony that he would not have stated that a witness was going to testify simply to get a client to plead guilty. Because the PCRA court's credibility determination was supported by the record evidence, we are bound by that determination and must conclude that Whitley could not establish that her counsel told her that Taylor was going to testify against her. **See Commonwealth v. Widgins**, 29 A.3d 816, 819-20 (Pa. Super. 2011) (finding PCRA claim lacked merit where the PCRA court's credibility determination was supported by the record).[6]

Petition to withdraw granted; order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/14/2022

---

[6] Besides her ineffectiveness claim, counsel represents that Whitley also wished to raise an issue seeking to negotiate and obtain a shorter sentence through the PCRA. **See Turner/Finley** Brief at 24. However, as counsel correctly points out, this is not a cognizable claim under the PCRA.

- 11 -